```
       IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF KANSAS
```

**SHANE M. MORRIS,**

                      **Plaintiff,**

        **v.**                                        **CASE NO. 21-3235-SAC**

**WARDEN SAMUEL ROGERS, et al.,**

                      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Shane Morris, now a prisoner in Grand Island, Nebraska, brings this civil rights action. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis. For the reasons discussed below, plaintiff is ordered to show cause why this complaint should not be dismissed.

### Nature of the Complaint

During the time of the events relevant to the complaint, plaintiff was held at CoreCivic-Leavenworth, a private detention facility in Leavenworth, Kansas. Plaintiff states that on July 31, 2021, he was chased by a detainee carrying a knife. Plaintiff reached his cell, closed the door, and rang the intercom for assistance. However, the door to his cell was released remotely, and a number of prisoners entered. Plaintiff was assaulted and stabbed multiple times.

The complaint names three defendants: Samuel Rogers, Warden, CoreCivic Leavenworth; J. Roemmich, Assistant Warden, CoreCivic Leavenworth; and CoreCivic. Plaintiff alleges Warden Rogers failed to house him in safe conditions by failing to adequately staff the facility and to follow procedure, and he alleges he was subjected

to cruel and unusual punishment. He seeks damages.

## Screening Standards

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E.*

*Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

### Discussion

Plaintiff brings this action under 42 U.S.C. § 1983. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155 (1978)); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A defendant acts "under color of state law" when he "exercise[s] power

'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (citations omitted).

Defendants Rogers and Roemmich are private employees of a private corporation, CoreCivic. "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show under *Lugar*,… that the individual's conduct is 'fairly attributable to the State.'" *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996)(citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Conduct is "fairly attributable to the State" if two conditions are met. First, the deprivation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207-08 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006)(citing *Lugar*, 457 U.S. at 937). Second, the private party must have "acted together with or [] obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Id*. at 1208.

Plaintiff does not allege facts to support an inference that the individual defendants were acting under state law or in conspiracy with any state official. Plaintiff also makes no allegation that defendants obtained significant aid from the State of Kansas or any other state or state officials, or that defendants engaged in conduct otherwise chargeable to the state. Plaintiff also names CoreCivic as a defendant. However, this private corporation is not a proper party in an action under § 1983. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892,

at *3 (D. Kan. 2008)(finding CCA is not a "person" amenable to suit under § 1983, and CCA employees did not act under color of state law). Plaintiff provides no factual support for a claim that defendants acted under color of state law, and he therefore fails to state a claim for relief under 42 U.S.C. § 1983.

Likewise, if plaintiff's claims are construed as brought under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), no claim for relief is stated. The *Bivens* decision held that "plaintiffs may sue federal officials in their individual capacities for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983." *Id*.; *Carlson v. Green*, 446 U.S. 14, 18 (1980)(recognizing a parallel cause of action for Eighth Amendment violations). However, the proper defendant to a *Bivens* action is a federal official or agent, not a private corporation or its employees. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72-73 (2001)(holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons); *Minneci v. Pollard*, 565 U.S. 118, 120-21 (2012)(refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1101 (10th Cir. 2005)(finding no right of action for damages under *Bivens* against employees of a private prison for alleged constitutional deprivations, when alternative state causes of action for damages are available to the plaintiff.).

The U.S. Supreme Court has stated that "a critical difference" between cases where *Bivens* liability applied and those where it did

not was "employment status," *i.e.*, whether the defendants were "personnel employed by the government [or] personnel employed by a private firm." *Minneci*, 565 U.S. at 126. Defendant CoreCivic is a private corporation contracting with the United States Marshals Service, a federal law enforcement agency. The individual defendants are not employed by the government but are private employees of a private corporation.

The Supreme Court held in *Minneci* that the "ability of a prisoner to bring state tort law damages action[s] against private individuals means that the prisoner does not 'lack effective remedies.'" *Id*. at 125 (citing *Malesko*, 534 U.S. at 72). The Court reasoned that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Id*. (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). They explained that "[s]tate-law remedies and a potential *Bivens* remedy need not be perfectly congruent" and even if "state tort law may sometimes prove less generous than would a *Bivens* action," this fact is not a "sufficient basis to determine state law inadequate." *Id*. at 129 (finding that "federal law as well as state law contains limitations").

The Supreme Court also found "specific authority indicating that state law imposes general tort duties of reasonable case (including medical care) on prison employees in every one of the eight states where privately managed secure federal facilities are currently located." *Id*. at 128. "[I]n general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing

roughly similar compensation to victims of violations." *Id*. at 130. Kansas is another state whose law reflects the "general principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement of Torts §§ 314A(4), 320 (1963-64). *See Camp v. Richardson*, No.11-3128-SAC, 2014 wl958741, at N. 12 (D. Kan. 2014)(citing *Estate of Belden v. Brown Cty*., 261 P.3d 943 (Kan. App. 2011)(setting forth remedies available in Kansas)).

Likewise, the Tenth Circuit has stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied." *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012)(unpublished)(citing *Peoples*, 422 F.3d at 1102). The Tenth Circuit stated that where a plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities." *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)(finding that an official-capacity claim "contradicts the very nature of a *Bivens* action. There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")).

Plaintiff's remedy, if any, against employees of CoreCivic is an action in state court for negligence, malpractice, or other misconduct. *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at*3 (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104-05 (individual CCA defendants owed a duty

to protect to plaintiff that if breached, would impose negligence liability)); *Lindsey v. Bowlin*, 557 F.Supp. 2d 1225 (D. Kan. 2008)(Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8-9 (D. Kan. Jun. 27, 2008)(plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim). In addition, "[i]n Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501." *Harris*, 2016 WL 6164308, at *3 (citing *Jamerson v. Heimgartner*, 326 P.3d 1091, at *1 (Kan. App. Jun. 20, 2014)(unpublished). Because plaintiff has an alternative cause of action against the CoreCivic defendants under state law, he is precluded from asserting a *Bivens* action in federal court against these defendants.

Plaintiff will be given time to show cause why this matter should not be dismissed for failure to state a cause of action against defendants under either § 1983 or § 1331 and *Bivens*.

### Order to Show Cause

For the reasons set forth, it appears that the complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff is required to show good cause why this matter should not be dismissed. The failure to file a timely response may result in the dismissal of the complaint for the reasons set forth without further notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **November 8, 2021,** to show cause in writing why this

matter should not be dismissed for the reasons explained in this order.

**IT IS SO ORDERED.**

DATED:  This 7th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge